## STANFIELD v. GOVERNMENT EMPLOYEES INSURANCE COMPANY as SUBROGEE of KIRKLAND

Case No. 84-1-AP Division V

Fourth Judicial Circuit, Duval County

October 16, 1984

### APPEARANCES OF COUNSEL

**Steven E. Meisel** for appellant.

**Nick V. Puglinano, Jr.,** for appellee.

### OPINION OF THE COURT

DOROTHY H. PATE, Circuit Judge.

Appellant appeals the Final Judgment of the County Court awarding appellee $1,622.11 plus costs. Appellee (plaintiff) sued as subrogee of its insured to recover damages. Appellant (defendant) presented evidence on behalf of its counterclaim. The decision of the County Court is affirmed.

The Court has considered the briefs, the partial transcript of the Trial and the oral arguments.

Two issues are raised in this appeal. The first issue is whether the

evidence was sufficient to prove that payment was made pursuant to the insurance policy of the insured. The insured testified that she owned the car involved in the wreck, that the car was repaired as a result of the accident, that she was insured by GEICO and received $1,776.45 from GEICO as a result of the accident. Although it is apparent that plaintiff could have more artfully presented its case, the evidence is sufficient to support the trial court's decision on this point.

The second issue is whether there was sufficient and admissible evidence as to the amount of damages. Obviously the Trial Court had more evidence than this Court since the testimony of two witnesses was not transcribed and the closing arguments of trial counsel referred to information that was not available to this Court.

From the briefs and oral arguments, the Court must assume that the admissibility of the "green copies" or counterdrafts submitted for the original drafts issued by the insurer to settle the claim is the crucial test on sufficiency of the evidence to support the Judgment as to damages.

Although there was an objection to the admission of the "green copies" and the objection withdrawn only on condition that admissible evidence be later submitted, the record is confusing later on whether this objection was properly preserved. It is reasonable that the trial court believed this objection was waived from the final comments of counsel. (TR51) The green copies were marked as exhibits at that time without objection. (Exhibit 3)

The decision of the trial court is AFFIRMED.